IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER S. SNIDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIV-09-822-M |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983.[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). An initial review of the Complaint has been conducted pursuant to 28 U.S.C. § 1915A(a).

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a

---

[1]To the undersigned's knowledge, Plaintiff has one "strike" against him arising from the dismissal of another 42 U.S.C. § 1983 action filed by Plaintiff in this Court, Christopher Snider v. United States Department of Justice, et al., Case No. CIV-08-254-M.

complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).

II. Background

In his Complaint, Plaintiff alleges that the conditions of his confinement at the Grady County Law Enforcement Center ("GCLEC") violated his constitutional rights under the Eighth Amendment during the period of time that he was confined in a segregation cell between January 8, 2008 and March 10, 2008. Plaintiff alleges that he was arrested on February 2, 2007, on a federal warrant and transferred to the Oklahoma County Detention Center. Later, Plaintiff alleges he was transferred to GCLEC where he remained as a pretrial detainee under pending federal and state charges until March 10, 2008, when he was

transported back to the Oklahoma County Detention Center and later returned to GCLEC until he was ultimately transferred to the custody of the United States Bureau of Prisons. Plaintiff indicates he is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas.

Plaintiff names as Defendants in the Complaint the United States of America, the State of Oklahoma, the Oklahoma State Department of Health, the United States Marshals Service ("USMS"), Grady County, GCLEC, and GCLEC officials and "medical staff" Wyatt, Forsythe, McGill, Doucet, Mink, Valadez, Wells, Osborne, Edwards, Ryans, King, Rodgers, Srnsky, James, Gonzal, Lane, Keef, Carol, Stucks, Farrell, Byrd, McBride, Harwell, and "John Doe."

On February 21, 2007, Plaintiff was charged in an indictment filed in this Court with one count of conspiracy and one count of aiding and abetting the possession of stolen firearms. United States v. Snider, CR-07-43-M. On August 20, 2007, Plaintiff entered into a plea agreement, and on the same day he pled guilty to aiding and abetting the possession of stolen firearms. Following the plea, Plaintiff was remanded to the custody of the United States Marshals Service. Plaintiff filed several *pro se* post-plea motions, including a motion to withdraw the guilty plea. These motions were denied. A second motion to withdraw the plea was filed by Plaintiff's third court-appointed counsel (the previous two court-appointed attorneys were allowed to withdraw after Plaintiff alleged that they had provided ineffective assistance). A second motion to withdraw the guilty plea was filed by Plaintiff through his court-appointed counsel, and a hearing was conducted on the motion on January 22, 2008.

The motion was denied, and Plaintiff was sentenced on February 20, 2008, to a 120-month term of imprisonment and $12,000.00 in restitution. Plaintiff was remanded to the custody of the United States Marshals Service. Despite his waiver of his right to appeal, Plaintiff filed an appeal in which he claims he had been coerced into signing the plea agreement and that he received ineffective assistance of counsel during the plea stage and when he attempted to withdraw his plea. The Tenth Circuit Court of Appeals granted the government's motion to enforce the plea agreement and dismissed the appeal. United States v. Snider, 285 Fed. Appx. 525, 2008 WL 2514169 (10th Cir. June 25, 2008)(unpublished op.).

While the federal charges were pending, Plaintiff also faced state criminal proceedings, including a motion to accelerate a deferred judgment and sentence filed in the District Court of Oklahoma County on May 1, 2007, in State of Oklahoma v. Christopher Scott Snider, Case No. CF-2004-1607. In that case, Plaintiff had pled guilty on August 16, 2006, to the offenses of obstructing an officer in the performance of his official duties, two counts of concealing stolen property, unauthorized use of a vehicle, two counts of malicious injury and destruction of property, and burglary in the second degree, with sentencing deferred for five years under certain conditions. A warrant was issued in the case on May 17, 2007. http://www.oscn.net (docket sheet accessed August 26, 2009). Plaintiff was taken into custody and arraigned on March 13, 2008. On October 24, 2008, Plaintiff was found guilty of the violation, and Plaintiff was sentenced to terms of imprisonment for each of the offenses.

In a separate criminal case filed against Plaintiff in the District Court of Oklahoma

County, Case No. CF-2004-5560, Plaintiff had entered a guilty plea on January 6, 2006, to charges of obtaining money under false pretenses and falsely reporting a crime. http://oscn.net (docket sheet accessed August 26, 2009). Sentencing in the case was deferred under certain conditions. An application to accelerate the deferred judgment and sentence was filed on December 12, 2006, and a warrant was issued. Plaintiff was taken into custody and arraigned on the revocation application on March 14, 2008. On October 24, 2008, Plaintiff was found guilty of violating the terms of his deferred sentences and sentenced for the convictions.

Plaintiff also faced numerous charges, along with three co-defendants in a 31-count information filed on May 23, 2007, in the Oklahoma County District Court, Case No. CF-2007-3037. http://oscn.net (docket sheet accessed August 26, 2009). A warrant for Plaintiff's arrest was issued on the same date. The charges against Plaintiff involved second degree burglary, concealing stolen property, racketeering, second degree arson, manufacturing or possessing an explosive device, and conspiracy. Plaintiff was taken into custody and arraigned on the charges on March 13, 2008, and counsel was appointed for him. Plaintiff ultimately entered into a plea agreement and pled guilty on February 26, 2009, to four counts, with the remaining counts dismissed by the prosecution in return for Plaintiff's plea, and he was sentenced to various terms of imprisonment. Plaintiff's Complaint indicates he also faced pending charges in a case filed in the District Court of Pottawatomie County.

III. Plaintiff's Claims

In count one of the Complaint, Plaintiff alleges that while he was being detained at

GCLEC in the custody of the USMS he was moved to a segregation cell at GCLEC on January 8, 2008, without cause. He alleges he was informed by Defendant Forsythe that he was moved to the segregation cell at the direction of Defendant Wyatt because Plaintiff was deemed a "disruptive" "trouble maker" who "file[d] to[o] much paperwork" and "pester[ed] jail staff to use a law library" and make copies of his legal work. Plaintiff alleges the cell had "two benches on two walls," a combined sink and toilet, and no shower. Relying on the entries in a GCLEC chart attached to the Complaint labeled "Incidents for Offender," Plaintiff asserts that during the sixty-two days that he was confined to this segregation cell he was allowed out of the cell to exercise only twice and allowed only three showers. He alleges he asked "every named detention officer (defendant) in this complaint" to shower "at least twice every day," but he was only allowed to shower on three occasions, as noted on the "Incidents for Offender" chart. He asserts that Defendants McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Ryans, Stucks, Gonzal, Lane, and "Jonh [sic] Doe" were "in charge" of Plaintiff's detention "at one point or another" during this period of segregation.

In count two, Plaintiff alleges that a rash appeared on his legs and private area on January 20, 2008, that Defendant Ryans inspected the rash and directed Plaintiff to "shower and clean himself better." Plaintiff alleges that Defendant Ryans contaced the GCLEC physician, Dr. Belt, and that Dr. Belt prescribed a "Medrol dose pack"[2] for him. Despite the

---

[2] Medrol is an oral corticosteroid medication used to treat various conditions, including skin allergies and rashes. http://dailymed.nlm.nih.gov/dailymed/drugInfo.cfm?id=1849

medication, Plaintiff alleges the rash worsened but eventually resolved after he was removed from segregation on March 10, 2008, and transferred to the Oklahoma County Detention Center, where he was allowed to shower daily. Plaintiff also alleges in count two that he was not allowed to flush the toilet in his cell more than one or two times a day and that he was not allowed to clean his cell or "do his laundry" for the "entire time" he was in segregation.

In count three, Plaintiff alleges that the unconstitutional conditions of his confinement alleged in counts one and two, as well as the absence of reading materials, Bibles, or religious materials during his confinement in segregation resulted in "mental injuries," including anxiety and depression, because he was forced to sit in his cell "for hours staring at the walls" during this sixty-two day period of time.[3]

For each of the three claims alleged in the Complaint, Plaintiff demands ten million dollars in damages from each individual Defendant in their official and individual capacities and injunctive relief "to prohibit this treatment from happening to other inmates." Plaintiff also demands the termination and criminal prosecution of "all individual defendants" named in the Complaint.

IV. Defendants United States of America and USMS

"Absent a waiver, sovereign immunity shield the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). See United States v. Mitchell, 463

---

[3]The record in Plaintiff's federal criminal case reflects that during this same period of time he appeared in open court on January 22, 2008, and February 20, 2008, and he authored several letters addressed to his counsel and the court.

U.S. 206, 212 (1983)("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Assuming the truth of Plaintiff's allegation that he was in the custody of the USMS between January 8, 2008 and March 10, 2008, Plaintiff has not shown that the United States has given its consent to be sued under 42 U.S.C. § 1983. Accordingly, Plaintiff has failed to state a plausible claim against the United States of America or its agency, the USMS, and Plaintiff's claims against the United States of America and the USMS should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity.

V. <u>Defendants State of Oklahoma and Oklahoma State Department of Health</u>

The immunity conveyed by the Eleventh Amendment also bars Plaintiff's suit against Defendants State of Oklahoma and the Oklahoma State Department of Health.. <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 66-67 (1989)(states and governmental entities considered "arms of the State" are immune from § 1983 actions under Eleventh Amendment). Accordingly, Defendants State of Oklahoma and Oklahoma State Department of Health should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity.

VI. <u>Defendants Grady County and GCLEC</u>

"Municipal entities and local governing bodies are not entitled to the traditional common law immunities for § 1983 claims [and therefore] do not enjoy absolute immunity from suit under § 1983." <u>Moss v. Kopp</u>, 559 F.3d 1155, 1168 (10th Cir. 2009). "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the

plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of constitutional or other federal rights." Id. Considering the allegations in the Complaint, Plaintiff seeks to hold Grady County and GCLEC liable only because of the acts of their individual employees. "'[A] municipality cannot be liable under § 1983 on a *respondeat superior* theory.'" Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993)(quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Defendants Grady County and GCLEC should therefore be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

VII. Personal Participation

Because "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability," Polk County v. Dodson, 454 U.S. 312, 325 (1981), personal participation is an essential element of a §1983 action seeking damages from a defendant in his or her individual capacity. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1993)(quotation omitted); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). "It is not enough to establish that the official should have known of the risk of harm." Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir.1998). To establish a § 1983 claim for damages against a supervisor, the plaintiff "must show that an affirmative link exists between the [constitutional] deprivation and either the

9

supervisor's personal participation, his exercise of control or direction, or his failure to supervise." <u>Green v. Branson</u>, 108 F.3d 1296, 1302 (10th Cir.1997) (quotations omitted). <u>Accord</u>, <u>Meade v. Grubbs</u>, 841 F.2d 1512, 1527 (10th Cir. 1988).

In his Complaint, Plaintiff has named 23 individual Defendants and a "John Doe" Defendant.  However, the body of his Complaint contains specific allegations only as to Defendants Forsythe, Wyatt, and Ryans.  He alleges in a conclusory manner that Defendants McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Stacks, Gonzal, Lane, and "John Doe" were "in charge" of Plaintiff "at one point or another during this segregation period," but he makes no specific allegations as to these Defendants.  All of Plaintiff's claims are directed toward the conditions of his confinement during a 62-day period in which he was confined to a segregation cell.  With respect to Plaintiff's allegations that Defendants McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Stucks, Gonzal, Lane, and "John Doe" were "in charge" of him, Plaintiff is seeking to hold the individual Defendants liable solely as a result of their supervisory capacities.  This is not sufficient to allege the personal participation of these Defendants with respect to the Plaintiff's claims of unconstitutional conditions of confinement in a segregation cell.  He has made no allegations of participation whatsoever concerning Defendants James, Keef, Carol, Farrell, Byrd, McBride, and Harwell.  Accordingly, Plaintiff's claims against Defendants McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Stucks, Gonzal, Lane, "John Doe," James, Keef, Carol, Farrell, Byrd, McBride, and Harwell should be dismissed without prejudice pursuant to 28 U.S.C. §1915A(a) for failure

to state a claim for relief.

VIII. Claims for Injunctive Relief

In his request for relief, Plaintiff seeks injunctive relief "to prohibit this treatment from happening to other inmates," to require "a supervisory agency of the Government (State and/or Federal) make weekly visits to all correctional facilities to personally, visually inspect the inmates [sic] health and well being and ... document ...the visit (contact) with the inmate in segregation...." Plaintiff's transfer from GCLEC to federal custody renders his request for injunctive relief against Defendants moot. See Skinner v. Glanz, 260 Fed. Appx. 30, 2007 WL 4553922 (10th Cir. 2007)(unpublished op.)(county pretrial detainee's § 1983 action seeking injunctive relief against county defendants rendered moot by his transfer to state custody). Therefore, Plaintiff's claims against Defendants seeking injunctive relief should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted.

Plaintiff also seeks injunctive relief consisting of the "terminat[ion]" and "prosecut[ion]" of all individual defendants. The Civil Rights Act of 1871, codified at 42 U.S.C. § 1983, does not allow Plaintiff to pursue violations of state or federal criminal laws or to direct the termination of state or federal employees. See Lynch v. Bulman, 2007 WL 2993612 (10th Cir. Oct. 15, 2007)(§ 1983 does not allow plaintiff to pursue violation of federal criminal law), cert. denied, __ U.S. __, 128 S.Ct. 1888 (2008); Clements v. Chapman, 189 Fed.App. 688, 692, 2006 WL 1739826, *3 (10th Cir. 2006)(unpublished op.)(same). Therefore, these requests for injunctive relief should be dismissed with prejudice pursuant

to 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted.

IX. Amendment of Complaint

It would be futile to allow the Plaintiff an opportunity to amend his Complaint with respect to all of Plaintiff's claims against Defendants United States of America, USMS, State of Oklahoma, and Oklahoma State Department of Health and with respect to Plaintiff's claims seeking injunctive relief from all Defendants. However, with respect to the recommended dismissal of Plaintiff's claims against Defendants Grady County, GCLEC, McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Stucks, Gonzal, Lane, "John Doe," James, Keef, Carol, Farrell, Byrd, McBride, and Harwell, Plaintiff should be given an opportunity to amend the Complaint in the event this Report and Recommendation is adopted.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's claims against Defendants United States of America, USMS, State of Oklahoma and Oklahoma State Department of Health be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) on the ground of immunity. It is also recommended that Plaintiff's claims against all Defendants seeking injunctive relief be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted and on the ground of mootness. It is further recommended that Plaintiff's claims against Grady County, GCLEC, McGill, Doucet, Mink, Valadez, Wells, Edwards, Srnsky, King, Osborne, Rodgers, Stucks, Gonzal,

Lane, "John Doe," James, Keef, Carol, Farrell, Byrd, McBride, and Harwell be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(a) for failure to state a claim upon which relief may be granted.

Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 17th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __28th__ day of __August__, 2009.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE