IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER S. SNIDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-09-822-M |
| v. | ) | |
| | ) | |
| SHANE WYATT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, has brought this civil rights action pursuant to 42 U.S.C. §1983.[1] In his Complaint, Plaintiff alleges that the conditions of his confinement at the Grady County Detention Center violated his constitutional rights under the Eighth Amendment during the period of time he was confined in a segregation cell between January 8, 2008 and March 10, 2008. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Complaint named thirty Defendants, including the United States of

---

[1] The undersigned is aware that Plaintiff has one "strike" pursuant to 28 U.S.C. § 1915(g) entered in this Court in Snider v. United States Department of Justice, Case No. CIV-08-254-M.

1

America, the State of Oklahoma, the Oklahoma State Department of Health, the United States Marshals Service ("USMS"), Grady County, Grady County Detention Center, and 24 Grady County Detention Center officials. All Defendants except for Defendants Forsythe, Wyatt, and Ryans have been previously dismissed from the action.[2] The remaining Defendants answered the Complaint and filed a Special Report. In separate motions, Defendants Wyatt, Forsythe, and Ryans have moved for summary judgment pursuant to Fed. R. Civ. P. 56(c), and Plaintiff has responded to the motions. Defendant Forsythe has replied to Plaintiff's response. Plaintiff has moved for summary judgment against Defendant Wyatt. Defendant Wyatt has responded to Plaintiff's motion, and Plaintiff has replied to the response. Hence, the Motions for Summary Judgment are at issue. For the following reasons, it is recommended that Defendants' Motions for Summary Judgment be granted and that Plaintiff's Motion for Summary Judgment be denied.

I. Standard of Review

Summary judgment may be granted only where the pleadings and documentary materials "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court reviews the evidence and inferences drawn from the record in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return

---

[2]See Amended Order entered September 30, 2009. (Doc. # 17).

a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. The moving party bears the initial burden of showing that there is an absence of any issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, then the non-moving party has the burden to come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. See Cone v. Longmont United Hosp. Ass'n., 14 F.3d 526, 530 (10th Cir. 1994)(allegations alone will not defeat summary judgment motion). The non-moving party must point to specific facts, "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves," to avoid summary judgment. Celotex, 477 U.S. at 324. Such evidence includes reference to affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 506 U.S. 1013 (1992).

When a Court-ordered report consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978), is part of the record, the report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). "The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's own knowledge and has been sworn under penalty of perjury." Id.

Although controverted facts have been properly construed in the light most favorable to Plaintiff, Plaintiff's response brief contains several factual averments which are not supported by any citations to the record. These unsupported factual statements have not been considered.

II. <u>Factual Background / Plaintiff's Claims</u>

Plaintiff is in the custody of the United States Bureau of Prisons and is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. Plaintiff's claims in this action arise from his pretrial detention at the Grady County Detention Center ("GCDC") in Chickasha, Oklahoma, for the time period January 8, 2008 through March 10, 2008. In his Complaint filed July 31, 2009, Plaintiff alleges unconstitutional conditions of his confinement at GCDC during this 63-day time period. According to Plaintiff, he was subjected to cruel and unusual punishment due to the following:

1. He was placed in segregation cell number 225 on January 8, 2008, by Defendants Wyatt and Forsythe as punishment for "constantly pestering [jail staff] to provide [him] with a law library and for [jail staff] to make copies of [his] legal work [he is] filing in the courts." Plaintiff's Complaint, at 8-10.

2. He had no "place . . . to sleep [or] write [and] no shower in cell 225."

3. He was not allowed to exercise outside of cell 225 "except for twice, January 9th, 2008, and January 17th, 2008."

4. He was not allowed to shower except on three occasions on January 10, 2008, January 28, 2008, and February 10, 2008.

5. He suffered a rash on the inside of his thighs and his "private area" that was not adequately treated by Defendant Ryans. Plaintiff admits that after he requested medical treatment Defendant Ryans examined the rash and contacted the jail's physician who prescribed anti-inflammatory medication for the rash. Plaintiff contends that the rash worsened despite this medication and that "[n]o medical staff ever came back to see" Plaintiff despite his frequent requests for additional medical treatment for the rash. He admits the rash resolved two months after he was transported to the Oklahoma County Detention Center on March 10, 2008.

6. GCDC "staff only allowed [Plaintiff] to flush his toilet once to twice a day" forcing him to "smell his urian [sic] and fecies [sic] constantly even while [Plaintiff] was eating his meals" during "the entire sixty-two (62) day disciplin[ary] segregation."

7. He was "not allowed to clean his cell nor was he allowed to do his laundry . . . the entire time [he] was in disciplin[ary] segregation in cell 225."

8. He "suffered mental anxiety and depression from being subjected to the cruel and unusual punishment he endured as stated in the above count(s)."

9. He "was not 'allowed' any reading books, . . . magazines . . . religious materials in cell 225."

Plaintiff seeks ten million dollars in damages from each Defendant. Plaintiff has attached as an exhibit to the Complaint 31 pages of records from GCDC. These records are identified as "Incidents for Offender" for Plaintiff during his confinement at GCDC in 2007-2009.

III. Plaintiff's Motion for Summary Judgment

In Plaintiff's Motion for Summary Judgment, Plaintiff contends that he is entitled to summary judgment with respect to his Eighth Amendment claim against Defendant Wyatt. Plaintiff relies on (1) regulations set forth in the Code of Federal Regulations and (2) Defendant Wyatt's supervisory status to establish his assertion of an Eighth Amendment violation due to the "inhumane, unsanitary, and harmful conditions [he experienced] while he was in defendant Wyatt's (warden) control and custody." Plaintiff's Motion for Summary Judgment, at 2.

Plaintiff asserts that 28 C.F.R. §§ 541.21 and 541.22 provide "a set of fixed humane conditions, to ensure that criminal defendants have their rights (Constitutional) protected and insure [sic] a basic humane level of confinement." Plaintiff's Motion, at 2. These regulations adopted by the United States Bureau of Prisons apply only to convicted inmates in the custody of the Bureau of Prisons and do not apply to detainees in pretrial detention. Thus, these regulations are not applicable to the circumstances of Plaintiff's pretrial detention at GCDC. Moreover, even assuming that Defendant Wyatt violated 28 C.F.R. §§ 541.21 and 541.22, the violation of prison regulations does not state a cognizable claim under 42 U.S.C. § 1983. Trujillo v. Williams, 465 F.3d 1210, 1214 n. 2 (10th Cir. 2006); Gaines v. Stenseng, 292 F.3d 1222, 1225 (10th Cir. 2002).

Additionally, Plaintiff has not shown that Defendant Wyatt personally participated in any of the alleged conditions of Plaintiff's confinement in a segregation cell at GCDC. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996)("[P]ersonal participation is an

6

essential allegation in a § 1983 claim.")(quotation omitted). In his Complaint and in his Motion for Summary Judgment, Plaintiff alleges only that Defendant Wyatt is liable to Plaintiff due to Defendant Wyatt's status as the administrator of GCDC. However, "government officials are not vicariously liable for the misconduct of their subordinates" under § 1983. Serna v. Colo. Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006). "In order to establish a §1983 claim against a supervisor for the unconstitutional acts of his subordinates, a plaintiff must first show the supervisor's subordinates violated the Constitution. Then, a plaintiff must show an 'affirmative link' between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." Id. (quoting Holland v. Harrington, 268 F.3d 1179, 1187 (10th Cir. 2001)). "In the end, . . . supervisory liability must be based upon active unconstitutional behavior and more than a mere right to control employees." Id. at 1153 (internal quotation and citation omitted). Plaintiff has not provided evidence showing Defendant Wyatt's active participation or acquiescence in his conditions of confinement in the segregation cell or the medical treatment or lack of medical treatment Plaintiff received while he was confined in the segregation cell. There are no material issues of fact for trial with respect to Plaintiff's Motion for Summary Judgment, and Plaintiff is not entitled to summary judgment. Therefore, Plaintiff's Motion for Summary Judgment should be denied.

IV. Exhaustion of Administrative Remedies

Defendants Wyatt, Forsythe, and Ryans contend that Plaintiff has not exhausted available administrative remedies with respect to the claims asserted against them in their

individual and official capacities in his Complaint. Plaintiff responds that he exhausted the only administrative remedy available to him at GCDC.

The Prison Litigation Reform Act of 1995 ("PLRA"), enacted in 1996, directs that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). This provision applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court regardless of the type of relief available under the institutional administrative procedure. Booth v. Churner, 532 U.S. 731, 741 (2001). Defendants have the burden of proving the affirmative defense of failure to exhaust administrative remedies. Jones v. Bock, 549 U.S. 199, 216 (2007); Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). To properly exhaust administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Any unexhausted claims must be dismissed. Jones, 549 U.S. at 223-224.

In consideration of the parties' pleadings and supporting evidentiary documents, the following facts are not in dispute with respect to Defendants Wyatt, Forsythe, and Ryans' Motions for Summary Judgment:

Defendant Wyatt is employed as the Jail Administrator at GCDC. Defendant Ryans

is employed as a Nurse at GCDC. Defendant Forsythe is employed as a Federal Liaison Officer at GCDC. Plaintiff was detained at GCDC on two separate occasions in 2007 and 2008-2009 while he was being prosecuted on federal criminal charges. During his periods of detention at GCDC, Plaintiff was frequently moved to different cells when other detainees informed jail staff that Plaintiff was in danger of being hurt by other detainees. A detainee informed Defendant Forsythe that Plaintiff was in danger of being beaten by other detainees. Because it appeared possible or probable that Plaintiff's safety would be at risk from other detainees if he remained in the jail's general population, Plaintiff was placed in cell 225, a protective isolation cell, on January 8, 2008. Plaintiff remained in this cell until March 10, 2008, when he was transferred to another jail.

All federal detainees at GCDC may file Request to Staff forms or Federal Detainee's Request for Service forms. GCDC's administrative grievance policy provides that these forms are the first step for requesting assistance or information. If unsatisfied, the detainee may then file a formal grievance regarding an issue, and the grievance is the second and final step of GCDC's administrative grievance procedure. These forms are available to all detainees at GCDC.

Plaintiff's jail records show that Plaintiff submitted Request to Staff forms regarding issues of (1) being able to listen to music in cell 225, (2) having a telephone and television in cell 225, and (3) use of the jail's commissary. Plaintiff also submitted sixteen Federal Detainee's Request for Service forms, which are not considered grievances. Plaintiff filed these requests between February 12, 2007 and July 18, 2007, regarding various issues, none

9

of which relate to the specific issues Plaintiff asserts in the Complaint.

Plaintiff did not submit a Request to Staff, Federal Detainee's Request for Service form, or grievance regarding (1) being placed in protective isolation in January 2008, (2) being taken out of the cell to exercise or shower, (3) a rash, (4) the frequency of his medical treatment, (4) having water in his cell, (5) being allowed to clean his cell, (6) laundry, (7) suffering mental anxiety or depression while in cell 225, or (8) not being allowed any books, magazines, or religious materials while housed in cell 225.

Plaintiff alleges in his Complaint that he "filed numerous request[s] to the United States Marshals Service, due to the conditions of this segregation and reasons for the segregation" but he never received a response. Complaint, at 8. In his unsworn responsive pleading, Plaintiff again asserts that he submitted Request for Service forms during his detention at GCDC. He asserts in a conclusory manner that "[s]everal" of these forms he completed and submitted to Defendant Forsythe concerned "the issues raised in the complaint . . . ." Plaintiff's Response to Document Number 48, at 2. Plaintiff has provided no supporting evidentiary documents or any specificity concerning the dates or issues contained in any Request for Service forms.

Plaintiff alleges in his responsive pleading that he was unaware of the procedure for exhausting administrative remedies other than the submission of USMS Request for Service forms. Plaintiff submitted several Request to Staff forms to GCDC officials on unrelated issues. Plaintiff submitted a Request to Staff form dated September 19, 2007, requesting to be allowed radios or another method of listening to music. Plaintiff received a response to

the request from GCDC official McGill dated September 20, 2007, denying his request. Plaintiff submitted a Request to Staff form dated October 15, 2007, in which he requested to be contacted with regard to money missing from his commissary account. Plaintiff received a response to the request from GCDC official McGill dated October 17, 2007, indicating the matter had been investigated and no funds were missing from his commissary account. In a Request to Staff form dated January 24, 2008, Plaintiff requested that a television and telephone be placed in his cell, which he identified as "cell 225." Plaintiff received a response from GCDC official McGill dated January 25, 2008, denying his request.

In his unsworn responsive pleading, Plaintiff alleges, without benefit of any supporting documentary evidence, that his Request for Service forms were lost or intentionally destroyed. However, the record shows that Plaintiff submitted sixteen USMS Request for Service forms on issues unrelated to the allegations contained in his Complaint. Plaintiff was obviously aware that GCDC provided a grievance process for federal detainees as he filed numerous Request to Staff and Request for Service forms during his detention at GCDC.[3] The undisputed facts reflect that Plaintiff did not even complete the first step of the two-step grievance process with respect to any of the issues raised in the Complaint. Plaintiff has not provided documentary evidence creating a material issue of fact regarding his failure to complete the GCDC administrative grievance procedure. Because Plaintiff has not

---

[3]On several of Plaintiff's Request to Staff forms, Plaintiff marked boxes indicating he had not "already submitted a 'Request to Staff' or grievance on this same issue" and he did not have a pending grievance on the same issue. These forms indicate that Plaintiff was aware that a grievance was a separate administrative remedy in addition to the Request to Staff form.

exhausted administrative remedies concerning the claims asserted in his Complaint, Defendants are entitled to summary judgment, and their Motions for Summary Judgment on this basis should be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Summary Judgment (Doc. # 39) be DENIED, that Defendant Forsythe's Motion for Summary Judgment (Doc. # 48) be GRANTED, that Defendant Ryans' Motion for Summary Judgment (Doc. # 49) be GRANTED, that Defendant Wyatt's Motion for Summary Judgment (Doc. # 50) be GRANTED, and that judgment issue in favor of Defendants Forsythe, Ryans, and Wyatt and against the Plaintiff. Plaintiff's Motions (Docs. # 56, 57, 58, 60, 61, and 62) are DENIED. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by __June 30th__, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  10th  day of   June  , 2010.

                                                                     GARY M. PURCELL
                                                                     UNITED STATES MAGISTRATE JUDGE